FILED
2020 Apr-01  PM 02:42
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

HAMP CRUM, III,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　)　　CIVIL ACTION NUMBER:
　　　　　　　　　　　　　　　　　　)　　CV-20
　　　　　　　　　　　　　　　　　　)　　JURY DEMAND
FORWARD AIR SOLUTIONS,　　　　)
INC.,　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　　　)

**COLLECTIVE ACTION COMPLAINT**

**COMES NOW** the Plaintiff, Hamp Crum, III, and file this lawsuit against Defendant, Forward Air Solutions, Inc., pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action state the following:

1.　　　Defendant is a corporation conducting business in the State of Alabama.

2.　　　Plaintiff Crum currently resides in Gardendale, Jefferson County, Alabama.

3.　　　At all times material to this action, Plaintiff Crum has been employed by Defendant at one of its locations in Alabama and, more specifically, at its Montgomery, Alabama location.

1

4.     Defendant provides customized consolidation, last mile handling and distribution of time-sensitive products for retail, healthcare, parts distribution, hospitality, and other specialized industries, all on a set schedule.

5.     Defendant was established in 2007 upon its acquisition of USA Carriers, Inc., a recognized leader in the regional distribution transportation industry for over 25 years. Defendant, in 2008, acquired certain assets from Service Express, Inc. and Pinch Group. Defendant has expedited network of 94 terminals and 14 regional hubs along with 1,200 dedicated owner operator base fleet.

6.     This action is brought pursuant to the FLSA, 29 U.S.C. §201 *et seq*. and specifically the collective action provision of the Act found at Section 216(b), for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by Defendant which have deprived Plaintiff of his lawful wages.

7.     This action is brought to recover unpaid compensation, in the form of overtime compensation, owed to the plaintiff, pursuant to the FLSA.  For at least three years prior to filing this complaint, Defendant has had a uniform policy and practice of consistently requiring its Dock Supervisor to be salaried/exempt employees but doing the work of a Cargo Handler.

8.     Plaintiff is employed with Defendant at its Montgomery, Alabama location. Plaintiff was hired, in October 2018, to the position of Lead Person/Cargo

Handler. Said position was an hourly position plus overtime. Plaintiff was then placed in the Dock Supervisor position in late December 2018/early January 2019, but was still paid his hourly rate plus overtime. However, in April 2019, Plaintiff's position as Dock Supervisor was made a salary position. In this position, Plaintiff's managerial duties are non-existent as compared to other job duties regularly performed. Dock Supervisors, including Plaintiff, perform minimal, if any, managerial duties. Plaintiff does not have the authority to hire, fire, promote or discipline. All, or nearly all, of their time is spent performing non-managerial functions, including, but not limited to the following: pre-shift meetings, maintain lead plans, loading/unloading of 53 foot commercial trailers and operating scanners; label boxes and prepare freight for shipment, lift and move heavy freight, etc.

9.      Plaintiff's primary duties do not consist of the management; rather, that responsibility is left to his Supervisor.

10.      Plaintiff does not customarily and regularly direct the work of two or more other employees.

11.      Plaintiff does not have the authority to hire, fire, promote, give pay raises or discipline employees nor are his suggestions or recommendation as to the hiring, firing or promotion of employees always accepted or given any weight. His Supervisor(s) are empowered with this authority.

3

12.     Plaintiff does not customarily and regularly exercise discretionary powers.  Those duties are handled by his Supervisor(s).

13.     Plaintiff is paid a specified salary.  Plaintiff is not paid any overtime compensation despite the fact that he is working and performing the duties of his previous hourly position - Lead Person/Cargo Handler. Plaintiff seeks unpaid overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

14.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.§1331.  Venue is proper in the Northern District of Alabama, Southern Division under 28 U.S.C. §1391(b).

15.     Defendant is subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

16.     At all times material to this action, Defendant was and is an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

17.     At all times relevant to this action, Defendant was "employer" of Plaintiff as defined by §203(d) of the FLSA.

18.     At all times material to this action, Plaintiff was an "employee" of Defendant as defined by §203(e)(1) of the FLSA, and worked for Defendant within

the territory of the United States within three years preceding the filing of this lawsuit.

19.     The provisions set forth in §§206 and 207, respectively, of the FLSA apply to Defendant and Plaintiff who are covered by §§206 and 207 of the FLSA during his employment with Defendant.

20.     At all times relevant to this action, Defendant employed Plaintiff in the capacity of Dock Supervisor.

21.     Plaintiff is required to perform non-managerial duties without overtime compensation.

22.     Defendant has intentionally failed and/or refused to pay Plaintiff wages and/or rates according to the provisions of the FLSA.

23.     Defendant's systems and practices relating to its non-payment of overtime, which deprive the defendant of any FLSA overtime exemptions, have existed for at least three years throughout Defendant's businesses.

24.     For at least three years, Defendant has been aware of the requirements of the FLSA and its corresponding regulations and its own violations of the FLSA. Despite this knowledge, Defendant has failed to pay its employees the amount of pay as required.

25.     Defendant has intentionally and repeatedly misrepresented the true status

of managerial compensation to its Dock Supervisor position as well as its entitlement to overtime compensation in order to avoid suspicion and inquiry by employees regarding their entitlement to monies owed to them. Plaintiff has relied upon these misrepresentations by Defendant and was unable to determine his true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations.

26.    As a result of the actions of Defendant in fraudulently concealing the true status of its employees when performing managerial duties under the FLSA, the applicable statute of limitations governing FLSA actions at 29 U.S.C. §255(a) is tolled for as long as Defendant engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years. Defendant is estopped from raising such statute of limitations as a bar.

27.    Defendant further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with §207 of the FLSA.

28.    As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with §207 of the FLSA.

29.    In addition to the amount of unpaid wages and benefits owed to the Plaintiff, he is also entitled to recover an additional equal amount as liquidated

damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

30.     Defendant's actions in failing to compensate Plaintiff, in violation of the FLSA, were wilful.

31.     Defendant has not made a good faith effort to comply with the FLSA.

32.     Plaintiff is also entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

33.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for lost overtime and wages, back-pay, declaratory judgment, injunctive relief, and compensatory and punitive damages is his only means of securing adequate relief.

34.     Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**WHEREFORE**, Plaintiff, pursuant to §216(b) of the FLSA, prays for the following relief:

1.     Plaintiff be awarded damages in the amount of his respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

2.     Plaintiff's reasonable attorneys' fees, including the costs and expenses of this action; and

7

3.    Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

4.    Enter an Order requiring Defendant to make Plaintiff whole by awarding him lost wages (plus interest), liquidated, damages including attorneys' fees and costs.

5.    Plaintiff further demands a jury to try the issues when joined.

## JURY DEMAND

### THE PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.

Respectfully submitted,

Gregory O. Wiggins
Counsel for Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS
        FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

**Defendant's Address**

Forward Air Solutions, Inc.
1550 Jackson Ferry Road
Montgomery, Alabama 36014